

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 3 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

CHRISTOPHER STEVEN GONZALES, §
§
    Movant, §
§
§
VS. §  NO. 4:07-CV-638-A
§  (NO. 4:05-CR-030-A)
UNITED STATES OF AMERICA, §
§
    Respondent. §

MEMORANDUM OPINION
and
ORDER

    Came on to be considered the motion of Christopher Steven
Gonzales ("Gonzales") under 28 U.S.C. § 2255 to vacate, set
aside, or correct sentence.[1]  Having reviewed Gonzales's motion,
the record, and applicable authorities, the court concludes that
the motion should be denied.

I.

Background

    On March 16, 2005, Gonzales was named in a four-count
indictment charging him with: (i) two counts of possession of an
unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d),
and 5871; (ii) possession of a firearm in furtherance of a drug
trafficking crime in violation of 18 U.S.C. § 924(c); and (iii)
felon in possession of a firearm in violation of 18 U.S.C. §
922(g)(1) and 924(a)(2).  Gonzales pleaded guilty to all four

---

[1]Movant actually has not filed a motion under 28 U.S.C. § 2255.  All
that he filed is a document titled "Memorandum of Law in Support of Motion to
Vacate Judgment."  However, the court will construe movant's memorandum as a
motion under 28 U.S.C. § 2255.

counts, and on August 26, 2005, the court sentenced him to 480 months' incarceration (representing four consecutive terms of 120 months on each count), followed by a term of three years of supervised release. The Fifth Circuit Court of Appeals affirmed Gonzales's conviction and sentence, and his petition for writ of certiorari was denied on January 8, 2007. Gonzales timely filed this § 2255 motion on October 23, 2007.

II.

Grounds of the Motion

Gonzales alleges that his trial counsel was ineffective in (i) failing to thoroughly investigate the voluntariness of the statement Gonzales gave to law enforcement officers and failing to call an expert witness regarding same, and (ii) providing erroneous information that induced Gonzales to plead guilty to the indictment.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and

"actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. <u>United States v. Woods</u>, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

## IV.

### Analysis

A movant seeking relief under 28 U.S.C. § 2255 bears the burden of sustaining his contentions by a preponderance of the evidence. <u>Wright v. United States</u>, 624 F.2d 557, 558 (5th Cir. 1980). All that is required before the court can deny a § 2255 motion is conclusive evidence--and not necessarily direct evidence--that a movant is entitled to no relief. <u>United States v. Drummond</u>, 910 F.2d 284, 285 (5th Cir. 1990). The court can deny a § 2255 motion without holding an evidentiary hearing when it affirmatively appears from the papers on file with the court that the claims asserted in such motion are without merit. <u>Smith v. United States</u>, 431 F.2d 565, 566 (5th Cir. 1970). <u>See also United States v. McGill</u>, 11 F.3d 223, 225 (1st Cir. 1993) ("Moreover, when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's

trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing."). In this connection, "the courts in post-conviction relief applications may exercise a sound judicial discretion to decline to re-try issues fully and finally litigated in the proceedings leading to judgment of conviction and direct appeal therefrom." Bearden v. United States, 403 F.2d 782, 784 (5th Cir. 1968).

Having reviewed Gonzales's motion and the record, the court concludes that he is not entitled to the relief he seeks. In order to support his claims of ineffective assistance of counsel, Gonzales would have to present evidence as would overcome two presumptions weighing against him: (1) that he stands fairly and finally convicted, Frady, 456 U.S. at 164, and (2) that his counsel's conduct fell within the wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Gonzales has not adduced any facts as would overcome such presumptions. In fact, he has not provided the court any facts whatsoever in evidentiary form. The only thing he has submitted to the court is an unverified memorandum in support of his motion. Such conclusory allegations are insufficient to raise a constitutional issue. See Woods, 870 F.2d at 288 n.3.

In arriving at the conclusion that Gonzales is not entitled to any relief, the court has thoroughly reviewed the record, particularly the transcript from the hearing where the court

4

determined that Gonzales's waiver of _Miranda_ rights was knowing and voluntary. The court will not and need not retry the issue, _Bearden_, 403 F.2d at 784, but thorough review of the record reveals that even if Gonzales had consumed the beer and received the treatment for withdrawal symptoms as he alleges, his mental faculties were not impaired, and his waiver of _Miranda_ rights was knowing and voluntary. Thus the record conclusively establishes that Gonzales did not receive ineffective assistance from counsel with respect to the admissibility of the statements he made to law enforcement officers. See _Strickland_, 466 U.S. at 687 (holding that in order to prove ineffective assistance of counsel, a defendant would have to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different).

Likewise, Gonzales is not entitled to any relief on his claim that counsel induced him into accepting a plea by convincing him that if he did not, the government might charge him with additional counts of violations 18 U.S.C. § 924(c). In order to satisfy the prejudice prong of _Strickland_, a defendant that pleaded guilty "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." _Hill v. Lockhart_, 474 U.S. 52, 59 (1985).

In his motion, Gonzales recognizes that, had he not pleaded guilty, he would have had the option of going to trial. Gonzales further recognizes that _Hill_ would require him to show he would

have insisted on going to trial in order to prove prejudice.
However, he argues that "had counsel not provided [Gonzales]
faulty information, [Gonzales] would have been in a favorable
position to negotiate with the government to drop one or two of
the counts."  Mot. at 11.  Gonzales argues that prejudice is
apparent in his case because he should have been able to
negotiate a better deal and receive less prison time.  He never
asserts that he would have insisted on going to trial, and he
attempts to distinguish <u>Hill</u> in this respect.  Therefore, the
court concludes that, even if what Gonzales alleges is true,
counsel did not render Gonzales ineffective assistance with
respect to his plea because Gonzales has failed to demonstrate
the prejudice required under <u>Strickland</u>.  <u>See</u> <u>Hill</u>, 474 U.S. at
59.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that the motion of Christopher Steven
Gonzales to vacate, set aside, or correct sentence pursuant to 28
U.S.C. § 2255 be, and is hereby, denied.

SIGNED November 13, 2007.

JOHN McBRYDE
United States District Judge

6